UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-87 (CEJ) |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to stay all proceedings in this action pursuant to the Court's discretion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Court's inherent authority to control its own docket. Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa., filed this action seeking reimbursement from defendant St. Paul Fire and Marine Insurance Company for all defense costs plaintiff has paid and continues to pay in defending lawsuits consolidated under <u>Reid v. Doe Run Resources Corporation</u>, 4:11-CV-0044 (CDP) (hereinafter "the Reid lawsuits"). The Reid lawsuits allege that Doe Run Resources Corporation is liable for alleged bodily injury and property damage from lead and other contaminants used or produced at or around the corporation's metallurgical complex in Peru since October 24, 1997.

On April 28, 2010, Doe Run filed a petition for declaratory relief in state court against National Union and other insurers to obtain defense coverage for the

Reid lawsuits.  The Doe Run Res. Corp. v. Am. Guar. & Liab. Ins. Co., et al., Cause No. 10SL-CC01716 (Mo. Cir. Ct. 2010).  Doe Run is insured under policies issued by both National Union and St. Paul.  However, Doe Run did not originally include St. Paul in the coverage lawsuit.  In response to National Union's discovery requests in the coverage lawsuit, Doe Run also did not identify St. Paul as an insurer or produce St. Paul's policies.  On April 3, 2012, National Union and Doe Run entered into a settlement agreement as to the payment of defense costs for the Reid lawsuits.  To date, National Union alleges it has reimbursed Doe Run more than $6 million in defense costs.

On April 27, 2012, Doe Run filed an amended complaint in the state coverage lawsuit adding St. Paul as a defendant.  On July 2, 2014, the state court entered an order finding as a matter of law that St. Paul's policies are primary insurance and St. Paul has a duty to defend Doe Run in the Reid lawsuits as Doe Run's primary insurer.  Order & J. [Doc. #1-1].  On April 23, 2015, the state court entered final judgment in favor of Doe Run, ordering the reimbursement by St. Paul of the reasonable and necessary defense fees and costs incurred in defending the Reid lawsuits that were not reimbursed by Doe Run's other insurers.  [Doc. #1-1].  After receiving notice of the state court's final judgment, National Union requested that St. Paul reimburse it for all defense costs it advanced and take over the defense of Doe Run.  On November 18, 2015, St. Paul rejected National Union's request.  [Doc. #17-1].

In the complaint, National Union seeks a declaration that its policy is excess to St. Paul's policies; St. Paul must reimburse National Union for all defense costs it has paid and will continue to pay to Doe Run while the Reid lawsuits are pending;

2

St. Paul must take over the defense of Doe Run in the Reid lawsuits; and St. Paul is precluded or collaterally estopped from re-litigating the fact that its policies have been found to be primary to the National Union policies and that the duty to defend attaches to the St. Paul policies for the Reid lawsuits. National Union asserts causes of actions for contribution, indemnification, equitable subrogation, and unjust enrichment.

**II.  Discussion**

In the instant motion, defendant St. Paul requests a stay pending final resolution of the appeal in the underlying coverage lawsuit between St. Paul and Doe Run. St. Paul has appealed the state court's April 23, 2015 judgment against it. The issues on appeal have been fully briefed, and oral argument was held before the Missouri Court of Appeals, Eastern District, on March 1, 2016. The state appellate court has yet to issue an opinion in the matter.

"[D]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (quoting Rhines v. Weber, 544 U.S. 269, 276 (2005)); see also Enelow v. New York Life Ins. Co., 293 U.S. 379, 382 (1935) (explaining that a district court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"). "[I]n considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." Krakowski v. Am. Airlines, Inc., 927 F. Supp. 2d 769, 774 (E.D. Mo. 2013). The proponent of a stay has the burden of establishing its need. Clinton v. Jones, 520 U.S. 681, 708 (1997).

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16–19 (1983)); see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817–18 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"). However, when a federal complaint seeks relief pursuant to the Declaratory Judgment Act, district courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (2008) (emphasis in original) (quoting 28 U.S.C. § 2201(a)). The Supreme Court in Wilton reemphasized that the Declaratory Judgment Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

Even when a plaintiff asserts claims in addition to seeking declaratory relief, a court may still abstain "so long as the further necessary or proper relief would be based on the court's decree so that the essence of the suit remains a declaratory judgment action." Royal Indem. Co., 511 F.3d at 793–94. The damages National Union seeks in this matter "are not independent of the requested declaratory judgment, but are closely linked with it." Id. at 794. National Union seeks, *inter*

4

*alia*, a declaration that St. Paul must reimburse it for all defense costs it has paid and will pay to Doe Run while the Reid lawsuits are pending. If the Court rejects National Union's declaratory judgment claims, National Union will be unable to recover on its supplementary claims for contribution, indemnification, equitable subrogation and unjust enrichment. Therefore, the essence of the lawsuit is one for declaratory judgment and the Court has the discretion to enter a stay of proceedings. Id. at 796.[1]

The scope of a district court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act depends upon whether a "parallel" state court action was pending when the plaintiff brought the declaratory judgment action. Scottsdale, 426 F.3d at 999. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Id. at 997 (quoting New Beckley Mining Corp. v. Int'l Union, United Mine Workers, 946 F.2d 1072, 1073 (4th Cir. 1991)). When a parallel state court action is pending, a district court enjoys broad discretion, guided by considerations of judicial economy. Id. at 997. When no such parallel state action is pending, discretion to abstain exists but is less broad. Id. at 998. It is undisputed here that the federal and state suits are not parallel. See id. at 997 (concluding that the proceedings pending in state court were not parallel to the request for declaratory judgment pending in federal court, "for the state court proceedings involve parties, arguments, and issues different from those in the federal court proceedings").

---

[1] No authority supports plaintiff's contention that defendant is precluded from seeking a stay of proceedings simply because it removed this action from state court.

When no parallel state action is pending, district courts still retain discretion to abstain, but that discretion should be exercised according to a six-factor test the Eight Circuit adopted in Scottsdale:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Id. at 998 (quoting and adopting a test articulated by the Fourth Circuit in Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998)) (internal brackets and quotations omitted).

After comparing the coverage lawsuit pending in state court and the complaint here, the Court concludes that the six-factor test in Scottsdale weighs in favor of staying this action pending a final resolution of the appeal in the state court action. In particular, factors four and five weigh heavily in favor of a stay. With respect to factor five, whether or not St. Paul has a duty to defend Doe Run in the Reid lawsuits is the threshold issue in this action and directly at issue in the coverage action pending in state court. Whether St. Paul has a duty to reimburse National Union for defense costs it has paid and will continue to pay during the pendency of this litigation to Doe Run in the Reid lawsuits—the issue directly before the Court in this matter—depends upon a finding that St. Paul has a duty to defend

6

Doe Run in the Reid lawsuits. If the state appellate court reverses the circuit court and holds that St. Paul does not have a duty to defend Doe Run in the Reid lawsuits, this litigation will be moot. If the state appellate court finds that St. Paul has a duty to defend Doe Run, that determination will narrow the issues before this Court.[2] Accordingly, permitting this action to go forward would result in an unnecessary entanglement between by the federal and state court systems because of the overlapping issues of law.

With respect to factor four, the issue of whether or not St. Paul owes a duty to defend Doe Run will be more efficiently resolved in the state coverage lawsuit given the advanced stages of litigation in that matter in contrast to the early stage of this litigation. This result allows the Court to conserve judicial resources.[3] Furthermore, National Union is not unduly prejudiced by a stay; it may still pursue a right to contribution after termination of a stay depending on the final disposition of the appeal in state court. Accordingly, the six-factor test in Scottsdale weighs in favor of staying the proceedings in this action pending resolution of St. Paul's appeal of the coverage lawsuit in state court.

---

[2] The narrowed issue before this Court would become how the St. Paul policies apply in connection with National Union's policy. While the state circuit court determined that St. Paul's policies are primary insurance and St. Paul has a duty to defend Doe Run in the Reid lawsuits, the court explicitly noted that the question of how St. Paul's policies apply in connection with the National Union policy was outside the issues raised in the coverage lawsuit. Order & J. [Doc. #1-1] ("Upon finding that the St. Paul policies are primary insurance, the question becomes how those policies apply in connection with the National Union policy. However, that question is outside the instant motion."). Thus, in contrast to plaintiff's contention, it is not reasonable to assume that St. Paul would consent to the relief National Union requests in this lawsuit should the state appellate court affirm the circuit court's decision. The converse, however, is true. If the state appellate court reverses the circuit court's decision and finds that St. Paul does not have a duty to defend Doe Run in the Reid lawsuits, that decision will obviate the need to proceed with this litigation.

[3] The third Scottsdale factor also weighs slightly in favor of staying the proceedings, since the claims brought here require the application of only state law. See Am. Home Assur. Co. v. Pope, 487 F.3d 590, 602–03 (8th Cir. 2007) (finding the claims required the application of only state law and some of the counts at issue raised sensitive issues of Missouri statutory interpretation, adding to the state's interest in having the issues decided in state court). The other Scottsdale factors are either neutral or inapplicable.

* * * * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to stay all proceedings in this action [Doc. #10] is **granted.**

**IT IS FURTHER ORDERED** that all proceedings in this action are **stayed** pending resolution of the appeal of the judgment entered by the Circuit Court of St. Louis County, Missouri in Cause No. 10SL-CC01716. The parties shall promptly notify the Court when the state court proceedings are concluded.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016.